In the Matter of ROBERT D. HELSBY et al., Constituting the Public Employment Relations Board, Appellants, *v.* BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT No. 2 OF THE TOWN OF CLAVERACK, and Other Towns, Respondent.

Third Department, June 30, 1970.

*Louis J. Lefkowitz, Attorney-General (John Q. Driscoll* and *Ruth Kessler Toch* of counsel), for appellants.

*David A. Hendler* for respondent.

*Sneeringer & Rowley (Richard R. Rowley* of counsel), for Faith Gagnier and another, *amici curiae.*

*McGivern & Mills (Bernard T. McGivern* of counsel), for New York State School Boards Association, Inc., *amicus curiae.*

HERLIHY, P. J. This is an appeal from a judgment of the Supreme Court at Special Term, entered August 18, 1969 in Columbia County, which dismissed a petition under subdivision 4 of section 210 of the Civil Service Law to enforce an order of the Public Employment Relations Board (PERB). (See *Helsby* v. *Board of Educ. of Cent. School Dist. No. 2,* 59 Misc 2d 943.)

The respondent allegedly dismissed Mrs. Faith Gagnier from her employment as a probationary teacher as an act of reprisal for her activities as president of the Ockawamic Faculty Association, the negotiating representative of the teachers in the respondent's district. The result of the teacher's dismissal was the denial of tenure to her and as a remedy she filed a complaint with PERB (4 NYCRR 204.1) and PERB in turn issued a complaint against the respondent. PERB held hearings in which the respondent declined to participate upon the ground that PERB lacked jurisdiction and as a result of the hearings PERB found that the teacher was being punished for her "association activities" and directed the respondent to offer to reinstate the teacher with back pay. PERB initiated the present proceeding to enforce compliance with its direction.

The determinative issue upon this appeal is whether or not the so-called Taylor Act (Civil Service Law, art. 14) as enacted by chapter 392 of the Laws of 1967 granted PERB jurisdiction to enforce section 202 of the Civil Service Law which provides as follows: "Public employees shall have the right to form, join and participate in, or to refrain from forming, joining, or participating in, any employee organization of their own choosing."

Subsequent to the incident being reviewed herein, the Taylor Act was amended by adding section 209-a of the Civil Service Law which on its face would appear to prohibit unfair employer practices, and section 205 (subd. 5, par. [d]) of the Civil Service Law was added which specifically empowers PERB

"to establish procedures for the prevention of improper employer and employee organization practices". It must be noted that the Education Law expressly provides procedures whereby probationary teachers may seek review of their dismissal by appeal to the Commissioner of Education and/or article 78 of the CPLR to the courts. In the absence of a clear grant of power to PERB to *enforce* statutory rights of teachers the statutory rule of construction *expressio unius est exclusio alterius* (1 McKinney's Cons. Laws of N. Y., Book 1, § 240) requires that the statutory remedies provided in the Education Law are exclusive. (See *Matter of McMaster* v. *Owens*, 275 App. Div. 506; *Brewster* v. *Rogers Co.*, 169 N. Y. 73, 80.)

PERB contends that its power to adopt regulations as granted by section 205 (subd. 5, par. [d]) of the Civil Service Law included the power to regulate unfair labor practices. In a recent case involving the powers of PERB under the Taylor Act (*Matter of Civil Serv. Employees Assn.* v. *Helsby*, 21 N Y 2d 541, 547) the majority opinion of the Court of Appeals notes the absence in the Taylor Act of provisions relating to unfair labor practices. In our opinion the Taylor Act as enacted in 1967 was not so designed as to imply that PERB would have the responsibility and duty of regulating and securing all of the rights of public employees either expressly or inherently granted therein. The fractionalizing of remedies available to teachers does not appear necessary in view of the remedies available under the Education Law (see § 3013, subd. 4) to protect such rights as teachers may be granted under the Taylor Act. It should be noted that pursuant to the case law governing the dismissal of probationary teachers for the purpose of denying tenure, it would appear that unless such dismissal was solely occasioned by the denial of a constitutional or statutory right, a school district cannot be directed to reinstate a teacher when such direction would necessarily result in a grant of tenure. (*Matter of McMaster* v. *Owens, supra*; *Matter of Boyd* v. *Collins*, 11 N Y 2d 228.)

It is difficult to perceive that the amendment to the Taylor Act (L. 1969, ch. 24, eff. Sept. 1, 1969), which was subsequent to the institution of the present proceedings, was intended by the Legislature to take from an administrative agency (such as the Education Department) the right to settle disputes within its own framework, as has been the practice for many years, and grant PERB the power to assume such authority. It would result in opening the door to invasions by PERB of all administrative agencies which, by statute and regulations, have established practice and procedures relied upon by both the

364 agency and its employees. The Taylor Act notably does not purport to mandate literal enforcement of orders made by PERB (Civil Service Law, § 210, subd. 4). In *Buduson* v. *Curtis* (285 App. Div. 517, 519–520) the court said, " In any event the courts are not free to impute to the Legislature an intent to change a longstanding and well-established rule of law in the absence of a clear manifestation of that intent. (See McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 153.) "

It must be concluded that PERB acted in excess of its jurisdiction in adopting regulations permitting it to hear and determine complaints as to alleged reprisals by public employers, and had no authority to order the respondent Board of Education to reinstate Mrs. Gagnier. If the Board of Education did determine to dispense with her services in violation of her rights under the Taylor Act, her remedies were under the Education Law.

The judgment should be affirmed, with costs to the respondent.

REYNOLDS, STALEY, JR., GREENBLOTT and COOKE, JJ., concur.

Judgment affirmed, with costs to respondent.