Yvonne MILLER, Appellant,

v.

**TEMPLE INDEPENDENT SCHOOL DISTRICT NO. 101 OF COTTON COUNTY,**
Oklahoma, et al., Appellees.

No. 47266.

Court of Appeals of Oklahoma,
Division No. 1.

Feb. 18, 1975.

Rehearing Denied April 15, 1975.

Released for Publication by Order of Court
of Appeals May 8, 1975.

Earl P. Enos, Duncan, for appellant.

Massad & Amyx, by Anthony M. Massad, Frederick, for appellees.

ROMANG, Presiding Judge:

Plaintiff, Yvonne Miller, brings this appeal from an "Order of Dismissal" which reads:

"1. That the District Court of Cotton County, Oklahoma, has no jurisdiction by statute or otherwise to judicially review the order of the Board of Education of Temple Independent School District No. 101 of Cotton County, Oklahoma, nor the order sustaining said Board by the State Board of Education of the State of Oklahoma, wherein the plaintiff's contract was not renewed; and,

"2. The plaintiff's petition does not state any ground, either statutory or otherwise, to be granted the relief sought."

Plaintiff filed her petition in the District Court of Cotton County, Oklahoma, on October 18, 1973, naming as defendant Temple Independent School District No. 101 of Cotton County, the members of its Board of Education, its Superintendent, Charles Walker, and the Principal of Temple Grade School, Leonard E. Roderick.

Plaintiff alleged that she was a tenure school teacher of said School District; that on or about March 2, 1973, she was notified by Charles Walker and Leonard E. Roderick that they did not intend to permit the School District to renew her teacher's contract for the school year 1973–1974; that she was notified of a hearing before the local Board of Education of the intended action; that she appeared before said School Board and it declined to renew her contract; that she was notified by letter that her contract was not renewed because she was "incompetent to teach in the Temple School District."

Plaintiff further alleges in her petition as follows:

"4. That the acts of the defendants were wrongful in the following particulars, to-wit:

"(a) Plaintiff is a tenure teacher under the provisions of Title 70, Oklahoma Statutes 1971, and the failure to renew her contract must be for cause, and the defendants failed to establish that she was 'incompetent' to teach as that term is used in Title 70, Oklahoma Statutes 1971;

"(b) Plaintiff alleges that Title 70, Oklahoma Statutes 1971, Section 6–103, provides that notice of hearing for dismissal must be on written authorization of the Board of Education only and plaintiff was never furnished with any notice of such hearing on authorization of the defendant, Board of Education of Temple Independent School District No. 101;

"5. That plaintiff appealed the ruling of the Board of Education of Temple Independent School District No. 101 to the Oklahoma Professional Practices Commission, and after hearing, the Oklahoma Professional Practices Commission entered its findings in which it found that the charge of incompetency was not supported. . . .

"6. That subsequently, the State Board of Education of the State of Oklahoma, contrary to the provisions of Title 70, Oklahoma Statutes 1971, Section 6–103, and following, held a hearing de novo at which time they took hearsay testimony while their power to review the recommendation of the Professional Practices Commission was limited to that of review only, and after such hearing, entered its order affirming the action of the School Board of Temple Independent School District No. 101 of Cotton County, Oklahoma, and ordering that plaintiff was not entitled to reinstatement; that a copy of such order marked 'Exhibit B' is attached hereto and made a part hereof; that the finding of the Board of Education was made after an illegal and unauthorized hearing in which they went beyond the scope of the authority granted them by statute and was not supported by competent evidence;

"7. Plaintiff is entitled to be reinstated and her contract renewed for the

school year 1973–1974, or in the alternative, to be compensated for damages suffered for failure to renew and the wrongful acts of the defendants;"

Thus it can be seen that plaintiff's petition is based in large part upon 70 O.S. 1971, § 6–103, which is the statute relating to dismissal of a school teacher.

The question here involved is that of renewal of contract, and the applicable statute was 70 O.S.Supp.1972, § 6–122, which became effective April 15, 1972, and which provides as follows:

"The failure to renew a contract by the board of education of any teacher who has completed three (3) years shall not be effective, and such contract shall be renewed unless there is served on such teacher a written statement by such board containing a statement of causes for such action, which must include one of the following: immorality, wilful neglect of duty, cruelty, incompetency, teaching disloyalty to the American Constitutional system of government, or any reason involving moral turpitude. Such teacher shall be afforded an opportunity to appear before such board and confront his or her accusers, having the right to cross-examine and offer any evidence to refute the statements and a reconsideration of the action theretofore made by the board.

"Said notice of nonrenewal and the statement of causes shall be mailed to the teacher prior to the 10th day of April notifying said teacher of the nonrenewal and a statement of causes. Said cause shall be set within twenty (20) days after receipt of said notice for a hearing before the board of education.

"Before final decision of the matter the teacher shall be allowed to appeal the action of the board to the Professional Practices Commission. Such commission shall allow the teacher to be heard and after reviewing the facts shall report its recommendation to the State Board of Education. Upon the receipt of the rec-

ommendation of the Professional Practices Commission, the State Board of Education, if requested by the teacher, shall fix a date, hour and place for hearing of the matter within ten (10) days and notify the teacher of such time and place. At such hearing both the teacher and the local board of education shall be advised of the action of the Professional Practices Commission and shall be allowed to be heard. Such hearing may be held in executive session if agreed on by all parties concerned.

"After review of the matter the State Board of Education shall issue its decision either confirming the action of the local board of education or issuing the finding that dismissal of said teacher was without sufficient cause and that said teacher was without fault in the premises, which decision shall be final. A finding that a teacher was dismissed without sufficient cause shall automatically extend for one year the contract of the teacher involved, during which period of time the board of education and the teacher shall negotiate in an effort to resolve their differences prior to April 10 of the succeeding year."

■ Contrary to the allegations in paragraph "6" of plaintiff's petition, the State Board of Education was not limited to a review of the recommendation of the Professional Practices Commission. § 6–122 specifically provides that at the hearing before the State Board of Education that both the teacher and the local board of education "shall be allowed to be heard."

§ 6–122 further provides that the State Board of Education shall issue its decision, "which decision shall be final."

■ On the question of "cause" for non-renewal of contract, the Oklahoma Legislature has made the State Board of Education the final tribunal as it has the authority to do.

■ The right of renewal of a teacher's contract is entirely a creature of statute.

**610**

In 1 Am.Jur.2d, Actions, § 74, p. 603, it is stated:

"It is an established principle that if a statute, in creating a new right or cause of action where none existed before, also provides an adequate remedy for the enforcement of the right created, and the statutory remedy is not by its terms cumulative, the procedure prescribed by the statute must be strictly pursued to the exclusion of all other methods of redress. In other words, a statutory remedy to enforce a new right or liability created by the same statute is exclusive unless the statute clearly shows a contrary intention. The parties cannot even by contract vary the procedure prescribed by the statute."

In 73 C.J.S. Public Administrative Bodies and Procedure § 162, Power of Legislature, p. 505, is the following:

"Judicial review of administrative decisions may be granted or withheld by the legislature in its discretion, subject always to constitutional requirements.

"Except where the constitution requires it, judicial review of administrative action may be granted or withheld as the legislature chooses; and it is within the power of the legislature to provide that findings of fact shall be conclusive without a review thereof by a court or jury, but it may not confer absolute powers on administrative agencies in denial of due process. A statutory provision that the decision of an administrative body shall be final does not prevent judicial review in a proper case."

■ If plaintiff's petition had alleged facts constituting a violation of procedural due process, such as lack of notice, no statement of cause, or no opportunity to be heard, plaintiff would have a right to a review of that question in the proper District Court and its decision thereon would be appealable to the Oklahoma Supreme Court. However, plaintiff's petition does not allege facts constituting a violation of procedural due process, and her petition

was obviously not filed for a review of that question.

Under the facts and circumstance of this case we find that the "Order of Dismissal" should be sustained.

Affirmed.

REYNOLDS, and BOX, JJ., concur.