## Richmond

SEATRAIN LINES, INC.

V.

GLORIA MANUFACTURING CORPORATION

June 12, 1981.

Record No. 791401.

Present: Carrico, C.J., Cochran, Compton, Stephenson, JJ., and Harman, S.J.

(*Anita O. Poston; Vandeventer, Black, Meredith & Martin*, on briefs), for appellant.

(*Marla J. Melman; E. D. David; Jones, Blechman, Woltz & Kelly, P.C.*, on brief), for appellee.

Case submitted on briefs.

STEPHENSON, J., delivered the opinion of the Court.

Gloria Manufacturing Corporation (Gloria) sued Seatrain Lines, Inc., alleging that Seatrain had misclassified cargo and consequently imposed a higher tariff rate than that sanctioned by the Federal Maritime Commission. The district court awarded Gloria $44.38, and it appealed to the circuit court. Seatrain filed a motion to dismiss for lack of jurisdiction, asserting that the Federal Maritime Commission had primary jurisdiction over the claim. The circuit court denied the motion and, after hearing the evidence, entered judgment for Gloria in the amount of $1,822.36.

The sole question in this appeal is whether the Federal Maritime Commission has primary jurisdiction over issues concerning the classification of cargo pursuant to tariffs filed with the Commission.

In 1973, Seatrain and Gloria entered into a contract whereby Seatrain agreed to ship Gloria's cargo to Port-au-Prince, Haiti, and Gloria agreed to pay Seatrain in accordance with the terms and rates provided in the United States Atlantic & Gulf-Haiti Conference tariff schedule. Like other tariffs for water shippers, this tariff was filed with and approved by the Federal Maritime Commission. The tariff schedule imposes a different shipping

charge for different classifications of cargo. A dispute arose between Seatrain and Gloria respecting the proper classification of Gloria's cargo.[1]

The United States Supreme Court has applied the doctrine of primary jurisdiction in a variety of cases involving administrative agencies. This doctrine provides that "in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over." *Far East Conference* v. *United States,* 342 U.S. 570, 574 (1952). It is particularly appropriate for a court to defer to the agency when that procedure would secure greater "[u]niformity and consistency in the regulation of business entrusted to a particular agency" or when judicial review would be "more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure." *Id.* at 574-75. The doctrine does not oust judicial review, but instead merely postpones it.[2] *United States* v. *Philadelphia National Bank,* 374 U.S. 321, 353 (1963).

Although the Supreme Court has invoked the doctrine of primary jurisdiction in a number of cases involving the Federal Maritime Commission, *see, e.g., Port of Boston Marine Terminal Ass'n.* v. *Rederiaktiebolaget Transatlantic,* 400 U.S. 62, 68 (1970); *Far East Conference* v. *United States,* 342 U.S. 570 (1952); *United States Navigation Co.* v. *Cunard Steamship Co.,* 284 U.S. 474 (1932), it has not addressed the issue presented in this appeal. However, in *United States* v. *Western Pacific Railroad Co.,* 352 U.S. 59 (1956), the Court explained when the Interstate Commerce Commission is to have primary jurisdiction in cases involving the classification of cargo under railroad tariffs.

---

[1] For example, Gloria contended that work tables should have been classified as class 10, "Furniture, N.O.S., Actual value not over $300.00 per freight ton"; Seatrain classified the tables as class 2 because no written statement of value was submitted by the shipper. Gloria contended that steel bins should have been classified as class 5, "Shelving, I.S. [Iron, Steel] or Wood"; Seatrain classified the bins as class 1, "Cargo, General, N.O.S., Not Hazardous" because it felt that bins were not shelving.

[2] An order of the Federal Maritime Commission is subject to review by a United States Court of Appeals. 28 U.S.C. § 2342(3).

[W]here the question is simply one of construction the courts may pass on it as an issue "solely of law." But where words in a tariff are used in a peculiar or technical sense, and where extrinsic evidence is necessary to determine their meaning or proper application, so that "the enquiry is essentially one of fact and of discretion in technical matters," then the issue of tariff application must first go to the Commission.

*Id.* at 65-66.

We feel that the reasoning applied by the Court in railroad tariff cases is equally applicable here. The classification of cargo and the interpretation of maritime tariffs are within the peculiar expertise of the Federal Maritime Commission. The determination of whether Gloria's cargo was properly classified is, therefore, within the primary jurisdiction of the Commission.

Since the trial court lacked jurisdiction, its judgment will be reversed and this action will be dismissed.

*Reversed and dismissed.*