# School Board of the City of Norfolk, et al.

## v.

# Anastasia M. Giannoutsos

Record No. 880515

June 9, 1989

Present: All the Justices

*Harold P. Juren, Deputy City Attorney (Philip R. Trapani, City Attorney*, on brief), for appellants.
*Warren D. Harless (Michael W. Smith; Carol C. Raper; Christian, Barton, Epps, Brent & Chappell*, on brief), for appellee.

Justice Thomas delivered the opinion of the Court.

In this appeal, we decide whether the trial court erred in awarding money damages to a probationary school teacher who failed to receive the notice of nonrenewal required by Code § 22.1-304. The School Board of the City of Norfolk (School Board) contended, among other things, that Anastasia M. Giannoutsos' (Giannoutsos) sole remedy for the School Board's violation of the statute was entitlement to a contract for the ensuing school year and that money damages were not recoverable.

Giannoutsos taught in the Norfolk school system from 1965 to 1973, when she moved to another state. She returned to Norfolk in 1982 and applied for a job as a teacher. She was offered a one year teaching position. The Director of Personnel sent Giannoutsos a letter dated August 24, 1982, which stated as follows:

> The position for which you are being offered a contract is a temporary one. Your appointment is for the current year only and no implication is intended that you will be continued in this or another position the next year. However, if your performance has been satisfactory and there is a vacancy for which you are qualified, you will be given consideration for further employment.

At the foot of the August 24 letter was this statement: "_____ I accept employment this year by the School Board in accordance with the terms of this letter." Giannoutsos checked the blank and signed the letter on August 27, 1982. Thereafter, on September 10, 1982, she and the School Board executed a document entitled "Annual Contract with Professional Personnel."

During the 1982-83 school year, Giannoutsos received unfavorable evaluations from her principal, who refused to recommend that her contract be renewed. But despite the principal's stated intentions in March 1983 not to recommend that Giannoutsos' contract be renewed, Giannoutsos never received a written notice of nonrenewal.

The portion of Code § 22.1-304 pertinent to the reemployment of probationary teachers reads as follows:

> If a teacher who has not achieved continuing contract status receives notice of reemployment, he must accept or reject in writing within fifteen days of receipt of such notice. Except as provided in § 22.1-305, written notice of nonrenewal of the contract must be given by the school board on or before April fifteenth of each year. If no such notice is given a teacher by April fifteenth, the teacher shall be entitled to a contract for the ensuing year in accordance with local salary stipulations including increments.

When Giannoutsos did not receive a contract in June 1983 — a time when other teachers were receiving their contracts — she met with school system officials and demanded a contract. She learned in early August 1983 that her demand for a contract had been refused.

On January 25, 1985, Giannoutsos sued the School Board and the school superintendent. She alleged that she had not received notice of nonrenewal; that she had been ready, willing, and able to teach in Norfolk in the 1983-84 school year; that the defendants had breached their contract with her; and that she was entitled to $25,000 in damages.

The case was tried by the court sitting without a jury. The trial court, ruling in Giannoutsos' favor, concluded that "the plaintiff is entitled to her contractual rights as set forth by the statute: i.e., a contract for the year 1983-84 at the sum of $24,800.00." The trial court added certain other amounts and deducted others arriving ultimately at a judgment in Giannoutsos' favor in the amount of $15,220.40 with interest thereon from April 15, 1983. The School Board appeals.

■ The School Board contends, among other things, that the trial court erred because Giannoutsos' exclusive remedy for failure to receive notice of nonrenewal was entitlement to a contract for

the ensuing year. We agree. Therefore, we find it unnecessary to consider any other assignments of error.

Code § 22.1-304, on which Giannoutsos relied in asserting her claim for money damages, is part of Chapter 15, Article 2 of the Code and concerns terms of employment generally. Article 2 embodies a detailed statutory scheme which sets forth precise requirements regarding the employment and discharge of teachers. With regard to teachers who have not attained continuing contract status, the statute creates a right to notice of nonrenewal. No such right exists in absence of the statute. The statute also provides a remedy for the violation of that right: "If no such notice is given a teacher by April fifteenth, the teacher shall be entitled to a contract for the ensuing year in accordance with local salary stipulations including increments."

One of the basic principles of statutory construction is that where a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise. *See Transamerica Mortgage Advisors, Inc.* v. *Lewis*, 444 U.S. 11, 19 (1979); *Miller* v. *Temple Ind. Sch. Dist. No. 101 of Cotton Cty.*, 538 P.2d 607, 610 (Okla. Ct. App. 1975); *Helsby* v. *Board of Education, Cent. Sch. Dist. No. 2*, 34 A.D.2d 361, 363, 312 N.Y.S.2d 355, 357 (1970). Under the statutory scheme relied on by Giannoutsos, the only remedy to which she was entitled was "a contract for the ensuing year." Yet, she never sought to secure through court action her entitlement to a contract for the ensuing year; she sought and received money damages.

In our opinion, Giannoutsos was limited solely to the remedy provided in the statute. Thus, we hold that the trial court erred in awarding money damages to her. In light of the foregoing, we will reverse the judgment of the trial court and enter final judgment here for the School Board.

*Reversed and final judgment.*