# CIRCUIT COURT OF THE CITY OF WINCHESTER

Eppa C. Clegg et al.

v.

Local 149 U.A.W. et al.

v.

Cooper Industries

October 27, 1998

Case Nos. (Law) 96-304,
98-47, 98-48, 98-51, 98-52, 98-56

BY JUDGE JOHN E. WETSEL, JR.

These cases came before the Court on October 15, 1998, on the Third Party Defendant's, Cooper Indutries', (Abex) demurrers to the Third Party Motions for Judgment. Mark Beutler, Esquire, appeared for the Plaintiffs; J. Gregory Webb, Esquire, appeared for the Defendants Yvonne Brown, Robin Dale, Mark Jordan, John Szabo, Darrell Tillman, Brenda Yost, and others; Stephen A. Yokich and Robert E. Paul, Esquires, appeared for the Defendants U.A.W. and Rodehaver and Braithwaite; Timothy E. Cupp and Larry J. Rappoport, Esquires, appeared for the Third Party Defendant Abex. There was no appearance for the Defendant Debbie Miller.

## I. *Statement of Material Facts*

In these cases, the Plaintiffs, who are non-union members, claim that the individual Defendants, who are union members, harassed the Plaintiffs after the Plaintiffs decided to cross picket lines during a strike at the Abex plant in Winchester in April and May of 1996. In addition to seeking damages against various individual defendants for alleged tortious acts, the plaintiffs also seek to hold Local 149 and the International Union U.A.W. vicariously liable for damages for the conduct of the individual defendants.

Many of the injuries alleged in these lawsuits arise from acts allegedly committed in the Abex plant after the employees returned to work following the strike, and many of the acts alleged are in the nature of minor assaults and verbal harassment. The Court has earlier held that the exclusive remedy provisions of the Workers' Compensation Act did not apply to these lawsuits and as a consequent of that ruling, the Defendants have filed a Third Party Motion for Judgment seeking contribution from Abex for all or part of the injuries which occurred on its premises. The theory of the Third Party Motion for Judgment is that Abex has a duty to protect its employees from injuries at the work place and that Abex has much more power to control its employees (particularly supervisors) than the Defendant Unions and that Abex violated this duty when its supervisors deliberately created an atmosphere which caused conflicts between returning strikers and their co-employees and when its upper managers consistently ignored the U.A.W.'s request to take actions to eliminate this atmosphere.

Abex demurred to the third party motion for judgment on two grounds. First, it contends that any contractual responsibility it has for maintaining a safe work place is a matter of federal law, which requires exhaustion of arbitral remedies before a party may sue for breach of a collective bargaining agreement. Second, Abex argues that it has no liability in negligence for failing to control its supervisors under Virginia law.

## II. *Conclusions of Law*

### 1. *The National Labor Relations Act Does Not Preempt This Action*

Pre-emption under Section 301 of the Labor Management Relations Act applies to cases which arise out of a collective bargaining agreement. *Allis Chalmers v. Lueck*, 471 U.S. 202 (1985). The rights of actions asserted in the

Third Party Motion for Judgment arise from the Virginia contribution statute, Virginia Code § 8.01-34, and the civil remedy provisions of the Virginia Right to Work Act, Virginia Code § 40.1-67. The court's decision will be determined by the scope of these two Virginia statutes independent of both the labor contract between the parties and the Labor Management Relations Act.

State court actions which do not require an interpretation of the labor contract between the parties are not preempted by federal labor law. *See Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399 (1988) (union employee's claim of retaliatory discharge for filing a workers' compensation claim was not preempted); and *Livadas v. Bradshaw*, 512 U.S. 107 (1994) (no preemption for wage payment claims under California Labor Code).

## 2. *Workmen's Compensation Act is Not a Bar to an Action under the Virginia Right to Work Law*

This Court has previously held in its July 13, 1998, Order that the civil remedies provision of the Right to Work Act, Article 3, Virginia Code § 40.1-67, overrides the exclusivity provisions of the Virginia Workers' Compensation Act, Virginia Code § 65.2-307. Accordingly, the Plaintiffs could proceed with their civil actions against the defendants to the extent that civil remedies were afforded to them under the Virginia Right to Work Act, and it is those rights of action ostensibly arising under the Virginia Right to Work Act to which the Defendant union members and unions have now joined the employer.

## 3. *Right to Work Civil Remedies*

The defendant union members and their unions contend that the Abex supervisors stood aside and let the union members harass the nonunion workers in violation of the Right to Work Act. Such a course of action by the employer seems logically inconsistent and antithetic to the employer's best interests, but, at this stage, this factual paradox has been alleged.

The acts of force and violence which are alleged in the plaintiffs' original motions for judgment to have occurred in Abex's plant are the specific type of conduct, which if proven would violate Virginia Code § 40.1-53, which provides:

No person shall singly or in concert with others interfere or attempt to interfere with another in the exercise of his right to work or to enter upon the performance of any lawful vocation by the use of force, threats of violence or intimidation ... to induce or attempt to induce him to quit his employment.

However, this criminal statute is in Article *Two* of Chapter 4, not Article *Three*, and this section *does not provide for a civil remedy. Crawford v. United Steel Workers*, 230 Va. 217, 235, 335 S.E.2d 828 (1985), *cert. denied* 475 U.S. 1095, 89 L. Ed. 2d 892. This section appears to be the one which covers most of the acts which the plaintiffs claim injured them in the Abex plant. Section 40.1-53 provides that violations of that statute may be punished as a misdemeanor, which was done in some instances in these cases, or enjoined, but it does not provide for a civil damage action. The General Assembly contemplated that the state would usually prosecute violations of § 40.1-53, not private individuals. Since no private damage action is provided for under § 40.1-53, none will be inferred. "[When] a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise." *Vansant and Gusler, Inc. v. Washington*, 245 Va. 356, 360 (1993), *quoting with approval School v. Giannoutsos*, 238 Va. 144, 147, 380 S.E.2d 647 (1989).

The plaintiffs' damage actions remaining in these cases are solely those provided for in Virginia Code § 40.1-67, which provides that:

Any ... person ... injured as a result of any violation or threatened violation of this article [Article 3 - Denial or Abridgement of Right to Work] ... shall be entitled ... to recover from such violator ... any and all damages of any character cognizable at common law resulting from such violation or threatened violations.

This section covers conduct which induces "any other person ... to violate any provision of this article [3]." Since the liability sought to be imposed upon Abex must be within the purview of the statutory right to work civil remedy, the provisions of that act must be scrutinized to determine whether it affords a remedy for the acts complained of in the third party motion for judgment.

Article 3 of the Right to Work Act expressly provides that "the right of persons to work shall not be denied or abridged on account of any membership or nonmembership in any labor union ... ." Virginia Code § 40.1-58. And it deals primarily with actions taken with respect to union membership. Article 3 contains thirteen sections, five of which contain substantive prohibitions,

which, if violated, may give rise to civil liability for damages under § 40.1-67. (1) Section 40.1-59 prohibits illegal combinations or conspiracies to deprive individuals of their right to work. No conspiracy among any of the defendants and Abex is alleged. (2) Section 40.1-60 provides that employers may not require employees to join a union as a condition of employment, and (3) § 40.1-61, conversely prohibits an employer from requiring its employees not to join a union as a condition of employment. No violation of either of these sections is alleged in the third party motion for judgment. (4) Section 40.1-62 provides that no employer shall require its employees to pay union dues as a condition of employment, and no violation of this section is alleged in the third party motion for judgment. (5) Section 40.1-65 prohibits any agreement or practice which causes an employer to violate Article 3, but again no violation of this section is alleged.

Section 40.1-66 is a broad provision which embraces the preceding five substantive prohibitions, and it provides:

> Any person ... or labor union engaged in ... conduct, a purpose of which is to cause, force, persuade or induce any other person ... to violate any provision of this article shall be guilty of illegal conduct contrary to public policy; provided that nothing herein contained shall be construed to prevent or make illegal the peaceful and orderly solicitation and persuasion by union members of others to join a union, unaccompanied by any intimidation, use of force, threat of use of force, reprisal or threat of reprisal, and provided that no such solicitation or persuasion shall be conducted so as to interfere with, or interrupt the work of any employee during working hours.

The phrase "violate any provision of this article" refers to the preceding five substantive prohibitions which have just been discussed, because they are the only provisions which operationally define proscribed conduct, and this section does not create any new substantive prohibitions upon which a right of action under § 40.1-67 may be premised.

By its express terms, Article 3 of the Right to Work Act does not expressly include violence committed by a fellow employee against fellow employees, but rather it covers conduct by which a third person, which in this case would be the employer or a co-employee, is induced to violate five specific prohibitions of the Right to Work Act. Since no violations of the substantive provisions of Article 3 have been alleged, Abex's demurrer will be sustained.

### 3. *Duty to Supervise*

The *sine qua non* for the Plaintiffs' actions against the unions and its offending members and for their derivative actions for contribution from Abex are the civil remedy provisions of the Right to Work Act, Virginia Code § 40.1-67. Assuming *arguendo* that there is a common law duty to properly supervise as argued by the Third Party Plaintiffs, such a failure to supervise would not violate Article 3 of the Right to Work Act under the facts alleged in this case.

### 4. *Henry's Tortious Interference Action*

The Plaintiff Henry claims that the defendants wrongfully interfered with her employment contract with Abex, but Abex did not fire Henry. Rather she claims she was forced to resign because of the acts of the individual defendants, which she found to be intolerable.

### III. *Decision*

For the forgoing reasons, it is adjudged and ordered that the Demurrers of the Third Party Defendant Abex are sustained, and that the third party motions for judgment filed against Abex are dismissed, with prejudice.