320

## CIRCUIT COURT OF THE CITY OF RICHMOND

The Country Vintner, Inc.

v.

Louis Latour, Inc.,
Virginia Distributing Co.,
and Select Wines, Inc.

August 3, 2005

Case No. LT-698-3

BY JUDGE T. J. MARKOW

The parties appeared on July 13, 2005, on Defendants' Motions to Dismiss or Stay, Defendants' Motions for Protective Orders, and Plaintiffs' Motions to Compel. After having heard the parties, the court took the matter under advisement.

In its Motion for Judgment, Plaintiff alleges four causes of action:

(1) Defendants conspired to willfully and maliciously injure Plaintiff's reputation, trade, and business in violation of Virginia Code § 18.2-499 and § 18.2-500;

(2) Defendants combined to accomplish some criminal or unlawful purpose or some lawful purpose by a criminal or unlawful means;

(3) Defendants intentionally interfered with Plaintiff's wine franchise agreement with Maison Louis Latour; and

(4) Defendants intentionally interfered with Plaintiff's contract expectancy with Maison Louis Latour.

Plaintiff also filed a complaint against Louis Latour, Inc., with the Virginia Alcoholic Beverage Control Board on August 6, 2003, alleging a violation of the Virginia Wine Franchise Act. The ABC Board held a hearing on March 21, 2005, finding Louis Latour, Inc., in violation of the

Act. Louis Latour appealed this decision and is awaiting a final determination from the Board.

The Motion for Judgment and the ABC Board complaint are based on the following factual allegations.

Plaintiff alleges a valid franchise agreement existed between it and Maison Louis Latour, which designated Plaintiff as the sole wholesale distributor of Maison Louis Latour wines in the Commonwealth. Through various acts, Louis Latour, Inc., re-assigned the Central and Eastern regions of Virginia to Defendant, Virginia Distributing, and re-assigned the Northern region of Virginia to Defendant, Select Wines. Plaintiff alleges that these acts breached Plaintiff's franchise agreement with Maison Louis Latour. Therefore, Plaintiff contends it is entitled to both the administrative process and remedies provided under the Act and the civil judicial process and money damages under the theories of conspiracy and intentional interference.

Defendants request that the causes of action pleaded in the Motion for Judgment be dismissed on the grounds that the Board has primary jurisdiction over the matter. Defendants argue that the claims alleged would not exist but for the Virginia Wine Franchise Act, that the claims alleged have already been made to the ABC Board, and that these issues are better determined by the Board because they are within its experience and expertise. Defendants contend that the administrative avenue is the sole means of recovery for the alleged acts.

Plaintiff, however, argues that the conspiracy and tortious interference claims are not in any way dependant upon the ABC Board's ruling and are separate and independent causes of action. Therefore, Plaintiff contends it is entitled to pursue both avenues of recovery.

The court agrees with Plaintiff's argument that, if the Act did not exist, it would still have a claim for conspiracy and tortious interference based on the alleged facts. However, if Defendant, Louis Latour, is liable for conspiracy and tortious interference, it must also be in violation of the Act. The Act provides that the Virginia ABC Board has "the responsibility of determining whether a violation . . . has occurred." Va. Code § 4.1-410 (2005). Under the doctrine of primary jurisdiction the court should "defer to the agency when that procedure would secure greater 'uniformity and consistency in the regulation of business entrusted to a particular agency'." *Seatrain Lines, Inc. v. Gloria Mfg. Corp.*, 222 Va. 279, 281, 279 S.E.2d 166, 168 (1981) (quoting *Far East Conference v. United States*, 342 U.S. 570, 574-75 (1952)). Because an action for conspiracy and tortious interference involves the same legal issues as those contemplated

in Plaintiff's ABC Board complaint, and the legislature has empowered the Board to adjudicate issues of this type under the Virginia Wine Franchise Act, the court finds that the Board has primary jurisdiction.

Additionally, it is a general principle in Virginia that "where a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise." *Eslami v. Global One Communications, Inc.*, 48 Va. Cir. 17 (1999) (quoting *School Board v. Giannoutsos*, 238 Va. 144, 147, 380 S.E.2d 647 (1989)). Based on the alleged facts, Plaintiff has a possible cause of action against Louis Latour, Inc., based on the Wine Franchise Act. The legislature chose to create a specific remedy for the type of behavior alleged; if the legislature wished to provide additional remedies it could have done so under the Act. The complaint filed against Louis Latour, Inc., is Plaintiff's exclusive remedy against that entity.

However, unlike Plaintiff's avenue of recovery against Louis Latour, Inc., Plaintiff has no means of recovery under the Act against the other two Defendants. Actions against an entity not a party to the franchise agreement are not contemplated by the Act. Accordingly, the doctrine of primary jurisdiction does not apply to such an action. Because the Motion for Judgment alleges a cause of action for conspiracy and tortious interference, which is independent of the Act, and Plaintiff has no means of recovery under the Act with regards to these two Defendants, the court will permit Plaintiff to proceed with its claim against Defendants Virginia Distributing Company and Select Wines.

Furthermore, because Plaintiff has a separate and independent action against Defendants Virginia Distributing Company and Select Wines, Inc., the Board's decision with regards to Louis Latour, Inc., is irrelevant. The court will not stay this civil action or its discovery. For the reasons stated above, the court finds that the ABC Board complaint is Plaintiff's sole remedy against Defendant, Louis Latour, Inc., and therefore, the Motion to Dismiss is granted in part, and the case is dismissed as to this Defendant. Additionally, the court finds that Plaintiff has stated a cause of action against Defendants Virginia Distributing Company and Select Wines, Inc., and, therefore, the Motion to Dismiss is denied as to these two Defendants. Furthermore, Defendants' Motions to Stay and for the issuance of Protective Orders are denied, and Plaintiff's Motions to Compel are granted.