# CIRCUIT COURT OF FREDERICK COUNTY

Webb A. Koschene

v.

Gregory F. Hutchinson

March 16, 2007

Case No. CL06-476

BY JUDGE JOHN J. MCGRATH, JR.

This matter is before the Court on the Defendant's Demurrer and Plea in Bar. The Court heard oral argument on the issue on February 12, 2007, reviewed memoranda submitted by the parties, and took the matter under advisement for further review and the issuance of an opinion.

*Facts*

On or about November 11, 2004, Plaintiff, Webb A. Koschene, entered into a contract with Philip C. Haines and Jeffery L. Doll for the sale of real estate owned by Plaintiff located at 100 Fox Court, Winchester, Virginia, more specifically described as Lot 14, Fox Ridge Subdivision, Gainesboro Magisterial District, Frederick County, Virginia. Defendant, Gregory F. Hutchinson, Esquire, was retained as the settlement agent to conduct the closing on the property, which occurred on or about December 17, 2004.

Plaintiff alleges that Defendant was required to use that portion of the funds provided at closing by the buyers as required to pay the balance owed by Plaintiff on a loan from Wells Fargo Bank, N.A., which was secured by a mortgage on the property. The remaining balance on the loan at the time of the sale was approximately $113,000.00. However, Defendant did not use the

funds from the closing to pay off the Wells Fargo loan. Defendant used the funds to pay off a loan the Plaintiff had with Independence Community Bank in the amount of $100,274.79, which was secured by property owned by Plaintiff in Grand Junction, Colorado.

Plaintiff first learned of the error on or about December 29, 2004, when he received a letter from Independence Community Bank congratulating him for paying off his loan. Plaintiff immediately contacted the Defendant's office. After looking into the matter, Defendant confirmed that he in fact did pay the "wrong" loan and contacted Independence Community Bank to request that they reinstate the loan, but they refused to do so. It was discovered that line 505 of the HUD-1 settlement statement prepared by Defendant, directed that the funds be used to pay off the mortgage with Independence Community Bank and not the property being sold. This suit was subsequently brought by the Plaintiff.

*Analysis*

## I. *Demurrer*

It is a well established law that a demurrer "tests only the sufficiency of factual allegations to determine whether the pleading states a cause of action." *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909, 914 (2001). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000), quoting *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991).

### A. *Count I*

Defendant demurs to Count I of Plaintiff's Complaint because Defendant disbursed the settlement funds in accordance with the settlement statement (HUD-1). The settlement agent paid off the Independence Community Bank mortgage, as was directed by line 505 of the HUD-1. However, the Plaintiff argues that the HUD-1 was incorrect and that he had in fact directed the agent to pay off the Wells Fargo mortgage on the Virginia property, which was the subject of the closing. The issue before the Court becomes whether the settlement statement is a contract, and, if it is, then parol evidence would bar the introduction of any additional evidence.

A HUD-1 is a standard form for the statement of settlement costs proscribed by the Real Estate Settlement Procedures Act (RESPA). 12 U.S.C. 2603. Nowhere within RESPA does it state that the HUD-1 is a contract, and this Court has failed to find any authority supporting that proposition.

After analyzing the settlement statement, it is apparent to the Court that the HUD-1 is not a contract, but is really a statement as to how funds shall be distributed. As Judge T. J. Markow stated in *Fears v. Virginia State Bar*, 51 Va. Cir. 367 (Richmond 2000), the preparation of a settlement statement "is akin to preparation of an itemized bill or an accounting for the parties to the real estate sale. The creation of the document does not require special legal training and does not set the rights of the parties." *Id.* at 377. As such, the parol evidence rule is inapplicable in this case and will not bar the Plaintiff from introducing evidence showing that the HUD-1 was incorrect. Therefore, the Plaintiff has stated a viable cause of action under the Wet Settlement Act.

## B. *Count II*

Defendant demurs to Count II of Plaintiff's Complaint, alleging no private cause of action exists under the Consumer Real Estate Protection Act ("CRESPA"). Code of Virginia § 6.1-2.19. Defendant argues that CRESPA is an administrative system designed to regulate persons performing escrow and closing and settlement services, and does not provide for a private cause of action. The Court has failed to find case law on the issue of the availability of a private cause of action under CRESPA. Therefore, the issue before this Court is whether a private cause of action may be implied under CRESPA.

A private right of action is not automatically created by a penal or regulatory statute. *Black & White Cars, Inc. v. Groome Transportation*, 247 Va. 426, 430, 442 S.E.2d 391, 394 (1994). It is well-settled Virginia law that "[when] a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise." *Vansant and Gusler, Inc. v. Washington*, 245 Va. 356, 360, 429 S.E.2d 31, 33 (1993), quoting *School Board v. Giannoutsos*, 238 Va. 144, 147, 380 S.E.2d 647, 649 (1989).

CRESPA does not explicitly provide for a private cause of action. In addition, the purpose of CRESPA is to authorize licensing authorities to promulgate consumer protection safeguards to be followed in real estate closings. Code of Virginia § 6.1-2.19. If the statute is violated, then the statute allows the licensing authorities to invoke penalties upon the violators. Code § 6.1-2.26. Therefore, this Court finds that no private cause of action may be implied under CRESPA.

## C. *Count III*

Defendant demurs as to Count III of the Plaintiff's Complaint because the Plaintiff has failed to plead the requisite elements for a claim for breach of fiduciary duty and because the Plaintiff has failed to plead the willful conduct for punitive damages.

In order to state a claim for breach of fiduciary duty, a plaintiff must plead the duty, breach, and damages sustained. *Carstensen v. Chrisland Corp.*, 247 Va. 433, 444, 442 S.E.2d 660, 666 (1994). The Defendant argues that the Plaintiff has failed to allege a duty owed to him because no such duty existed following the closing. However, this argument fails as the acts alleged by the Plaintiff leading up to the claims all occurred before the closing. The Plaintiff alleged that the Defendant incorrectly filled out the HUD-1 statement, which would have occurred prior to the closing. In addition, the Defendant had a duty to the Plaintiff to distribute the funds in accordance with the Plaintiff's instructions given prior to the closing. The cessation of the closing does not alleviate the Defendant's duty to finalize the transaction according to the instruction given to him.

In addition, the Defendant argues that the Plaintiff has failed to plead how the Defendant's actions damaged the Plaintiff. While the Plaintiff failed to go into specific detail regarding his damages, they certainly can be inferred from the pleading. The Plaintiff is still liable to a mortgage on the home, whose sale was the subject of the transaction at issue. As such, the Plaintiff is unable to transfer clear title to the buyers. Therefore, the Plaintiff has sufficiently stated a viable cause of action for breach of fiduciary duty by the Defendant. The Demurrer as it relates to this cause of action is overruled.

As to the issue of punitive damages, the Defendant argues that the Plaintiff has failed to plead the willful conduct necessary to sustain a cause of action for punitive damages. It is well-established under Virginia law that punitive damages may only be awarded in cases with the most egregious conduct of willful and wanton negligence. *Philip Morris, Inc. v. Emerson*, 235 Va. 380, 407, 368 S.E.2d 268, 283 (1988). Willful and wanton negligence is defined as "acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Id.* at 407-08, quoting *Griffin v. Shively*, 227 Va. 317, 321-22, 315 S.E.2d 210, 213 (1984).

The Complaint as it stands fails to support a claim for punitive damages. The Complaint makes no allegation that can even remotely be construed as wanton or willful conduct. In fact, by its very terms, Paragraph 8 of the Complaint indicates that, upon being notified of the alleged misdirection of the funds, the Defendant promptly attempted to rectify the matter. Furthermore, the HUD-1 statement clearly indicated that the Colorado mortgage, and not the Virginia mortgage, was to be paid off. It is exceedingly difficult for this Court to understand how any claim for punitive damages could be made in the current case. Therefore, this portion of the Demurrer is sustained.

## D. *Count IV*

Defendant demurs as to Count IV of the Plaintiff's Complaint because the Plaintiff has failed to state a cause of action for violation under the Virginia Consumer Protection Act (VCPA). Code of Virginia § 59.1-196, et seq. Neither party disputes that the transaction in question took place within the confines of the VCPA. Therefore, the only issue is whether the Plaintiff has sufficiently pleaded a cause of action within the VCPA.

A plaintiff must allege a fraudulent misrepresentation of fact to state a cause of action for violation of the Virginia Consumer Protection Act. Common law standards of what constitutes a misrepresentation of fact govern such an inquiry. *Lambert v. Downtown Garage, Inc.*, 262 Va. 707, 711, 553 S.E.2d 714, 716 (2001). The plaintiff must include the elements of fraud in his allegations of misrepresentation of fact, which include a false representation, of material fact, made intentionally and knowingly, with intent to mislead, reliance by the party misled, and resulting damage. *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 557-58, 507 S.E.2d 344, 346 (1988).

The Plaintiff has failed to present any facts that could be construed as the Defendant "intentionally and knowingly" misrepresenting the status of the loans in question. In Paragraph 26 his Complaint, Plaintiff alleges Defendant "violated the VCPA by misrepresenting that he had used the settlement funds to pay off the Wells Fargo Loan when he did not do so, and continuing thereafter to fail to disclose that he had used those funds to pay off the Colorado Loan." However, in Paragraph 8 of the Complaint, the Plaintiff states that, after he became aware of the possible mix-up, he immediately contacted the Defendant, who "studied the matter," and confirmed that the wrong loan had been paid. However, the Defendant clearly disclosed on the HUD-1 that he was going to pay off the Colorado loan, and that is exactly what he did.

By his own allegations, Plaintiff has shown that the paying off of the wrong loan was a mistake, which the Defendant attempted to correct shortly after learning of the mix-up. At most, the Plaintiff has pleaded that the Defendant was negligent in paying off the wrong loan, which does not rise to the level needed to sustain a claim under the Virginia Consumer Protection Act.

## II. *Plea in Bar*

The Defendant asserts a plea in bar as to Counts I and III of the Plaintiff's Complaint. A plea is a pleading which does not address the merits of the issues raised by the Complaint, but "alleges a single state of facts or circumstances which, if proven constitutes an absolute defense to the claim." *Nelms v. Nelms*, 236 Va. 281, 289, 374 S.E.2d 4, 18 (1988). For the reasons stated above, the Defendant's Plea in Bar is overruled.

## *Order*

For the foregoing reasons, it is hereby adjudged, ordered, and decreed that the Defendant's Demurrer as to Counts II, IV, and the issue of punitive damages in Count III of the Plaintiff's Complaint are sustained, and the Defendant's Demurrer as to Counts I and III, with the exception of the punitive damages issue, and the Defendant's Plea in Bar as to Counts I and III are overruled.

Endorsement of this Order by Counsel is waived pursuant to Rule 1:13 of the Supreme Court of Virginia. The Clerk is directed to send attested copies of this Opinion and Order to Thomas Moore Lawson, Esq., Counsel for Plaintiff; and Carol T. Stone, Esq., Counsel for Defendant.