# CIRCUIT COURT OF FAIRFAX COUNTY

Chicago Title
Insurance Co.

v.

Main Street Title
and Escrow, L.L.C., et al.

December 8, 2008

Case No. CL-2008-7406

BY JUDGE ROBERT J. SMITH

This matter comes before the Court on the demurrer of the defendant to Count V of the Complaint. The Court heard oral argument on the issue, reviewed the briefs and pleadings of the parties, and took the matter under advisement. For the reasons that follow, the demurrer is sustained as to Count V.

## Facts

Plaintiff Chicago Title Insurance Co. is suing Main Street Title & Escrow, L.L.C., and others alleging breaches of contract, fiduciary duty, and negligence arising under a contract for Main Street Title to serve as Chicago Title's insurance agent for the purpose of procuring title insurance.

In Count V, Plaintiff Chicago Title seeks to hold National Grange liable for alleged breaches of the Issuing Agency Contract under a settlement agent bond furnished by Main Street Title.

## Analysis

The defendant, by way of the demurrer, argues that the language of the Consumer Real Estate Settlement Protection Act (CRESPA), Virginia Code § 6.1-2.19, applies only to the purchase of or lending of security on real estate;

the provisions of CRESPA apply only to a limited class of persons that do not include the plaintiff; the bond is statutorily required, thereby depriving the defendants of any discretion to expand the terms of the bond; and CRESPA does not grant a private cause of action.

The plaintiff argues that the clear language of the bond grants the plaintiff standing to sue. The relevant language of the bond relied upon by the plaintiff is that the defendant, National Grange "declares itself to be firmly bound unto the Commonwealth of Virginia, as Obligee, or to *any aggrieved person* who may be injured by the Principal . . . we and each of us bind ourselves, our heirs, successors, and assigns, jointly and severally by these presents." (Emphasis added.)

A demurrer tests the legal sufficiency of the claims stated in the pleading challenged and admits all material facts properly pleaded. *Dray v. New Market Poultry Products*, 258 Va. 187, 189, 518 S.E.2d 312 (1999).

The last argument made by the defendant, that CRESPA does not grant a private cause of action, is persuasive.

A similar situation was presented in *Koschene v. Hutchinson*, 73 Va. Cir. 103 (2007). In *Koschene*, the plaintiff entered into a contract to sell real estate to another party. The defendant settlement agent was to have paid the proceeds of the sale to the company that held the mortgage on the property. The settlement agent, however, mistakenly paid the proceeds of the sale to yet another mortgage on other property owned by the plaintiff. According to Judge McGrath, the issue presented, one of first impression, was whether CRESPA created a private cause of action. Citing *Vansant & Gusler, Inc. v. Washington*, 245 Va. 356, 429 S.E.2d 31 (1993), for the proposition that, when a statute grants a right and a remedy for the violation of that right, that remedy is exclusive unless the statute says otherwise, the Court held that CRESPA does not grant a private cause of action. According to the Court, the penalty section of CRESPA (Virginia Code § 6.1-2.26) provides the exclusive remedy for the violation of CRESPA and that section does not include private actions.

I find the reasoning in *Koschene* persuasive. CRESPA grants a right and grants a remedy for the violation of that right. If the General Assembly of Virginia had desired to grant a private cause of action for violations of CRESPA, it would have done so.

Accordingly, the demurrer to Count V of the complaint is sustained. In light of this decision, it is not necessary to determine if the plaintiff adequately pleaded the amount of damage suffered.