## CIRCUIT COURT OF THE CITY OF NORFOLK

Brandon Comfort
and James McLean

v.

City of Norfolk,
Tracy Hayes,
Ralston McInnis,
and Wayne Greene

January 6, 2011

Case No. (Civil) No. CL10-5288

By Judge Charles E. Poston

This matter is before the Court upon the City of Norfolk's Demurrer to the Complaint. Upon review of the parties' written arguments, the Court will sustain the demurrer and, with respect to certain claims, grant leave to amend.

*Background*

The Complaint alleges that Plaintiffs Brandon Comfort and James McLean were owners of the property located at 2403 Ruffin Street in the City of Norfolk. Plaintiffs acquired the property upon its foreclosure,[1] and intended to rehabilitate the property for sale or inhabitance by Comfort's family. (Compl. ¶¶ 13, 14, 18.) In or around July 2008, McLean hired a contractor to perform work on the property, and that work continued until

---

[1] The Complaint states that the "Plaintiffs acquired the property on July 15, 2010" (Compl. ¶ 13); however, later paragraphs of the Complaint discuss contracting work and other related events that occurred in July and August 2008. (Id. ¶¶ 18, 21, 22–41.) The Court therefore assumes that the July 15, 2010, purchase date is a typographical error, and that Plaintiff, instead, intended a purchase date of July 15, 2008.

August 15, 2008. (*Id.* ¶¶ 21–22.) On that date, Defendants Tracy Hayes, Ralston McInnis, and Wayne Greene assembled at the property, and one of them contacted the Norfolk Police Department about detaining the workers at the site. During that gathering, the Defendants visually inspected the property. (*Id.* ¶¶ 23–25.) After the inspection, Hayes ordered that the property be demolished immediately, and, at some point during or after the inspection, the contractor notified McLean. (*Id.* ¶¶ 30–31.) When McLean arrived at the property, at or around 4:00 p.m., he was denied entry onto the property, and was notified by Defendants that the property was being demolished immediately. (*Id.* ¶¶ 31–32, 34.) Hayes indicated that she was authorized to order the demolition under Virginia Maintenance Code § 105.4, and she "provided McLean with a notice stating that [the] Property must be demolished immediately." (*Id.* ¶ 35.) Defendants did not identify the conditions requiring demolition, and demolition of the property began two hours after McLean arrived at the property. (*Id.* ¶¶ 36–37.)

### Standard of Review for a Demurrer

A court considering a demurrer does not "evaluate and decide the merits of a claim; [instead, a demurrer] only tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action." *Fun v. Virginia Military Inst.*, 245 Va. 249, 252 (1993). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from alleged facts," *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129 (2000) (citation omitted), but a demurrer does not "admit the correctness of the pleader's conclusions of law," *Fox v. Custis*, 236 Va. 69, 71 (1988) (citation omitted). In considering a demurrer, a court may rely on "substantive allegations of the pleading attacked [and] any accompanying exhibit mentioned in the pleadings," *Flippo v. F & L Land Co.*, 241 Va. 15, 17 (1991) (citing Va. Sup. Ct. Rule 1:4(i)), and it "may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings," *Ward's Equip., Inc. v. New Holland North America, Inc.*, 254 Va. 379, 382–83 (1997) (citation omitted).

### Analysis

#### A. *Negligence*

Comfort asserts in the initial paragraph of his Complaint that his action is brought under, among other legal theories, negligence. (Compl. ¶ 1.) To establish a cause of action in negligence, the plaintiff must show "a

legal duty on the part of the defendant, breach of that duty, and a showing that such breach was the proximate cause of injury, resulting in damage to the plaintiff." *Blue Ridge Serv. Corp. v. Saxon Shoes, Inc.*, 271 Va. 206, 218 (2006) (citation omitted). Comfort, however, fails to plead any of the elements necessary to establish a cause of action for negligence. Comfort, in fact, concedes that his Complaint has not stated properly a claim for negligence and asks the Court for leave to amend. (Pl.'s Reply to Defs.' Dem. 1.) Accordingly, the Court sustains the Demurrer with respect to Comfort's negligence claims and grants Plaintiff leave to amend.

B. *Violations of State and Municipal Law*

Comfort alleges in Counts Two and Three of his Complaint various violations of the Virginia Maintenance Code (Compl. ¶¶ 48–83), which is part of the Uniform State Building Code, specific provisions of which are incorporated in Section 36 of the Virginia Code. In particular, Comfort alleges that the Defendants have violated Virginia Code § 36-105, and sections 105.1, 105.2, 105.4, 105.5, 105.6, and 105.9 of the Virginia Maintenance Code. Comfort also alleges violations of Chapter 27, Article 1, of the Norfolk City Code.

Section 36-105(A) of the Virginia Code provides: "Enforcement of the provisions of the Building Code for construction and rehabilitation shall be the responsibility of the local building department. . . . Any person aggrieved by the local building department's application of the Building Code . . . may appeal to the local board of Building Code appeals." Va. Code § 36-105(A). The Norfolk City Code provides for enforcement and punishment regarding violations of its terms. Norfolk City Code §§ 27.1, 27.3. "One of the basic principles of statutory construction is that where a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise." *School Bd. v. Giannoutsos*, 238 Va. 144, 147 (1989). Moreover, "a penal statute does not automatically create a private right of action." *Black & White Cars v. Groome Transp.*, 247 Va. 426, 430 (1994).

In sum, Virginia Code § 36-105 provides that the local building departments are responsible for enforcement of the Building Code provisions, and the Norfolk City Code provides that the director of public health and certain law enforcement officers are authorized to enforce its provisions. Since penal and regulatory statutes do not automatically create private rights of action, the remedies provided in the Virginia and Norfolk City Codes are exclusive. Therefore, the Defendants' demurrer with respect to Comfort's claims regarding violations of state law, the Building Code, and the local city code is sustained, and the Court grants Plaintiff leave to amend.

## C. *Violations of the Fifth Amendment*

Comfort alleges in Counts Four and Five of his Complaint that Defendants have violated his due process rights under the Fifth Amendment to the United States Constitution when they demolished his home and failed to provide notice and an opportunity to be heard. (Compl. ¶¶ 84–91.) The Fifth Amendment provides: "No person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const., amend. V. The Fifth Amendment protects against deprivations of property by the federal government in the same way the Fourteenth Amendment protects against deprivations of property by state and local governments. *See Schweiker v. Wilson*, 450 U.S. 221, 227, n. 6 (1981) ("This Court repeatedly has held that the Fifth Amendment imposes on the Federal Government the same standard required of state legislation by the Equal Protection Clause of the Fourteenth Amendment."). Because the Fifth Amendment protects against deprivations of property by the *federal* government, and there has been no allegation thereof, the Court sustains the Demurrer with respect to Comfort's Fifth Amendment claims.

## D. *Violations of the Fourteenth Amendment and 42 U.S.C. § 1983*

In Counts Four and Five of his Complaint, Comfort also alleges violations of the Fourteenth Amendment and 42 U.S.C. § 1983. (Compl. ¶¶ 84–91.) A cause of action may be brought against a municipality under 42 U.S.C. § 1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers." *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978). A government is liable if "under some official policy, [it] 'causes' an employee to violate another's constitutional rights." *Id.* at 692. "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. Comfort has not identified a City "policy statement, ordinance, regulation, or decision," pursuant to which the Defendants have acted. Although the Court must consider all reasonable factual inferences that may be fairly drawn from the alleged facts, *Fuste v. Riverside Healthcare Ass'n*, 265 Va. 127, 131 (2003), Comfort has failed to state facts sufficient to allege a violation of the Fourteenth Amendment or 42 U.S.C. § 1983. Accordingly, the Court will sustain the Defendants' Demurrer with respect to Comfort's Fourteenth Amendment claims and 42 U.S.C. § 1983 claims. The Court will grant Plaintiff leave to amend.

### E. *Violations of Fourth Amendment and 42 U.S.C. § 1983*

Comfort alleges in Count One of his Complaint that Defendants violated his Fourth Amendment rights because the demolition of his home constituted an unreasonable seizure of his property. (Compl. ¶¶ 42–47.) As noted above, an action may be brought under 42 U.S.C. § 1983 only upon a showing by the Plaintiff that the alleged unconstitutional actions were taken pursuant to an official government policy, regulation, or decision. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978). Because Comfort has failed to state facts sufficient to allege a violation of the Fourth Amendment or 42 U.S.C. § 1983, the Court will sustain the Defendants' Demurrer with respect to Comfort's Fourth Amendment claims and 42 U.S.C. § 1983 claims, and the Court will grant Plaintiff leave to amend.

### F. *Count Six of the Complaint*

In his Complaint, Comfort enumerates a "Count VI: Grounds for Damages." Because Count Six contains no cognizable legal theory, the Court sustains the Defendants' Demurrer with respect to Count Six and grants Plaintiff leave to amend.

### Conclusion

For the reasons stated above, this Court will sustain the Defendants' Demurrer and, with respect to certain claims, grant leave to amend. Regarding Plaintiff's claims of negligence, violations of state and municipal law, violations of the Fourth and Fourteenth Amendments, and violations of 42 U.S.C. § 1983, the Court will sustain the Demurrer and grant Plaintiff leave to amend. With respect to Plaintiff's claim of Fifth Amendment violations, the Court will sustain the Demurrer with no leave to amend.