**Richmond**

STATE BOARD OF HEALTH, et al.

v.

VIRGINIA HOSPITAL ASSOCIATION

No. 0099-84

Argued April 9, 1985

Decided August 6, 1985

COUNSEL

John A. Rupp, Senior Assistant Attorney General, (Gerald L. Baliles, Attorney General of Virginia, and Julia Krebs-Markrich, Assistant Attorney General, on brief), for appellants.

Martin A. Donlan, Jr., Karen A. Gould and John W. Crews (Crews, Hancock & Dunn, on brief), for appellee.

OPINION

**DUFF, J.**—This appeal involves interpretation of Code § 32.1-102.6(E) as amended in 1984. Implementing the legislation, the appellants, State Board of Health and James B. Kenley, M.D., Commissioner of Health, promulgated and adopted amendments to the Medical Care Facilities Certificate of Public Need (CON) rules and regulations of July 1, 1984. Amendment number one was adopted by the appellants effective August 16, 1984, to attempt to make the "CON" regulations conform with the changes in Code § 32.1-102.6(E). The Virginia Hospital Association (Association) filed this action for declaratory and injunctive relief, contending that amendment number one was not in accordance with law to the extent that it allowed a final determination to be made by the Commissioner after the 120 days provided in the statute. The circuit court granted the relief sought, and we affirm.

Under the Virginia Medical Care Facilities Certificate of Public Need Statute (CON), Code § 32.1-102.1 *et seq.,* a certificate must be obtained from the Commissioner of Health that a public need exists before any projects, as defined in the statute, can be commenced by any person. Code § 32.1-102.3. The State Board of Health (Board) is required to issue regulations that are consistent with the statute and to establish procedures for the review of applications for certificates. Code § 32.1-102.2. The statute further sets out in some detail the administrative procedure by which applications for certificates are to be reviewed. Code § 32.1-102.6.

Effective July 1, 1984, the General Assembly amended the CON Act to place the review and appeals procedure entirely within the provisions of the Administrative Process Act (APA). Code § 9-6.14:1 *et seq.* The pertinent language of Code § 32.1-102.6(E) after the 1984 amendment reads as follows:

A determination whether a public need exists for a project shall be made by the Commissioner within 120 days of the receipt of a completed application. Such determination shall be made in accordance with the provisions of the Administrative Process Act (Code § 9-6.14:1 *et seq.*)

Amendment number one to the regulations requires the Commissioner to make his "initial determination" on an application by the 120th day of the review cycle. If the CON applicant appeals the initial decision, the Commissioner must make a final determination within 75 days after the initial decision and following a formal hearing pursuant to Code § 9-6.14:12. This process results in a 195-day administrative review cycle under the APA once a CON application initially is found to be complete.

The Board contends that prior to the 1984 amendments to the statute, the law expressly provided for an initial determination. Under its interpretation of Code § 32.1-102.6(E), the word "determination", by implication, retains the meaning of the phrase "initial determination" as expressly contained in the former statute. The Association, on the contrary, contends that the 1984 amendments expressly eliminate any reference to an "initial determination" and impose on the Board the duty to make its "determination" within 120 days under the provisions of the Administrative Process Act. A brief analysis of the APA and the changes

made in the statute will be helpful in illustrating the basis of our conclusion.

The parties agree that the purpose of the 1984 amendment was to simplify and streamline the CON process. Toward this goal, the amendment limited review by a Health Systems Agency, eliminated review by the State Health Coordinating Council, and deleted the entirety of Code § 32.1-102.6(F), which required the holding of both informal and formal hearings pursuant to Code § 9-6.14:11 and 9-6.14:12 respectively. Code § 32.1-102.6(F) had referred to the "initial determination" of the Commissioner as being the subject of the further review hearings. While so limiting review, the amendment increased the time within which "a determination" on a CON application was to be made by the Commissioner and provided that "such determination shall be made in accordance with the provision of the Administrative Process Act (§ 9-6.14:1 *et seq.*)."

The Administrative Process Act was adopted in 1975, its purpose being "to supplement present and future basic laws conferring authority on agencies to make regulations or decide cases as well as to standardize court review thereof." Code § 9-6.14:3. Various portions of the APA appear to be pertinent in our inquiry.

Code § 9-6.14:11 provides that case decisions shall be made after informal conference or consultation unless the parties consent to another process or unless a formal hearing is mandated by law. Code § 9-6.14:12 provides for formal hearings in two instances: (1) in any case where the basic law provides for such hearing, the agency *shall* provide the same; and (2) where informal proceedings under Code § 9-6.14:11 have not been held or have failed to dispose of the case by consent, the agency *may* do so.

Code § 9-6.14:11 and 9-6.14:12 are designed to bring a case to a final decision at the agency level. Thereafter, an aggrieved party has the right, pursuant to Code § 9-6.14:16, to seek review of the agency "case decision" in an appropriate court of competent jurisdiction. A "case decision" is defined by Code § 9-6.14:4(D) as follows:

> any agency proceeding or *determination* that, under laws or regulations at the time, a named party . . . may or may not

be (i) in violation of such law or regulation or (ii) in compliance with any existing requirement for obtaining or retaining a license or any other right or benefit. (emphasis added).

■ The Board's contention that an administrative agency's interpretation of a statute should be given deference by the courts is sound; however, it is inapplicable under the present facts. Prior to the 1984 amendments, the determination mentioned in subparagraph (E) of Code § 32.1-102.6 was clearly the "initial determination" mentioned in subparagraph (F), which provided for subsequent administrative hearings. However, by the amendments, the General Assembly eliminated any reference to "initial determination" in the statute, but left the word "determination" in paragraph (E) as it previously existed. Thus, the very basis in paragraph (F) for the agency's interpretation of paragraph (E) was eliminated. We believe that this action speaks clearly of the legislative intent. Support for this conclusion is found in the February 1984 Report of the Joint Subcommittee Studying the Feasibility of Preserving Health Planning Mechanism in the Commonwealth. Paragraph four of the various recommendations to simplify the review process referred to the Commissioner's continuing to make the "initial determination" as well as the final determination. Similarly, the record reflects that a bill providing various amendments to the CON Act was introduced in the General Assembly with the phrase "initial determination" contained in Code § 32.1-102.6. However, as finally enacted, the 1984 amendments did not contain any reference to "initial determination" as contained in both the Joint Report and the prototype bill. No deference to a former interpretation by an administrative agency can control where the interpretation is in conflict with a subsequently enacted legislative mandate. *See Stearn* v. *U.S.,* 87 F. Supp. 596 (W.D. Va. 1949); *Scofield* v. *Lewis,* 251 F.2d 128 (5th Cir. 1958); *Ruby Construction Company, Inc.* v. *Department of Revenue,* 578 S.W.2d 248 (Ky. 1978).

Thus, we hold that by expressly eliminating any reference to "initial determination" as it existed prior to the amendments and by placing the Commissioner's determination under the provision of the APA, the General Assembly manifested its intent to simplify the review process and to place a 120-day limit on the time within which the case decision, i.e., the determination, could be

made. The regulations adopted by the Board, to the extent that they allow a longer period of time, are invalid.

For these reasons the judgment of the circuit court is affirmed.

*Affirmed.*

Baker, J., and Benton, J., concurred.