**Joseph PALLONE, Plaintiff,**

v.

**The MARSHALL LEGACY INSTITUTE, et al., Defendants.**

**No. Civ.A. 00–686–A.**

United States District Court, E.D. Virginia, Alexandria Division.

May 24, 2000.

---

Wage Payment Act creates a private cause of action.

## I

Plaintiff Joseph G. Pallone was employed by defendant The Marshall Legacy Institute ("MLI"), a non-profit corporation organized under the laws of the District of Columbia, with its principal place of business currently in Alexandria, Virginia. At all relevant times, defendant Gordon Sullivan was the Chairman of MLI's Board of Directors, defendant William G. Foster was MLI's president and a member of its Board of Directors, and defendant Daniel H. Layton was MLI's Vice President and Executive Director and a member of its Board of Directors.

Plaintiff, who was an at-will employee of defendant MLI, alleges that defendant MLI agreed to pay him a compensation package that included wages and certain fringe benefits, including paid vacation leave. During the course of his employment, plaintiff apparently upset the company's management, and he was eventually terminated. Plaintiff does not allege that his termination was unlawful; instead, the sole relief he seeks is based on defendant MLI's alleged failure (i) to pay plaintiff's wage for certain periods, (ii) to pay certain fringe benefits due to plaintiff, including vacation pay, (iii) to compensate plaintiff for his overtime work at the appropriate rate, and (iv) to reimburse plaintiff for expenses he incurred on behalf of MLI.

On May 25, 1999, plaintiff filed a motion for judgment in the Circuit Court for the City of Alexandria, alleging that defendant MLI breached plaintiff's employment contract, but plaintiff took a non-suit in the course of trial.[1] On March 14, 2000, plaintiff filed the instant action in the Circuit Court for Arlington County. Counts I, II, and IV allege state law claims for relief solely against defendant MLI. Count I is a claim of breach of contract, Count II is a claim of quantum meruit, and Count IV is

John McCauley Braswell, Redmon, Boykin & Braswell, Alexandria, VA, John Joseph Rigby, McInroy & Rigby, Arlington, VA, for plaintiff.

George Rubert Doumar, Washington, DC, for defendants.

## MEMORANDUM OPINION

ELLIS, District Judge.

In this dispute between an employer and employee over wages and benefits, the employee has alleged four causes of action: (i) breach of contract, (ii) quantum meruit, (iii) violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and (iv) violation of the Virginia Wage Payment Act, Va.Code § 40.1–29. Defendant's threshold dismissal motion targets the last of these causes of action and presents the question, not yet addressed by the Supreme Court of Virginia, whether the

[1]. *See* Va.Code § 8.01–380.

a claim based on Virginia's Wage Payment Act, Va.Code § 40.1–29. Count III seeks relief from all defendants pursuant to FLSA, 29 U.S.C. § 201 *et seq.* On April 24, 2000, the case was removed to federal court based on plaintiff's FLSA claim. *See* 28 U.S.C. § 1441. In the motion at bar, defendants seek to dismiss Count IV on the ground that the Wage Payment Act does not provide a private cause of action.[2]

## II

The Supreme Court of Virginia has not addressed the question whether the Wage Payment Act ("the Act") provides a private cause of action. Because this is a question of statutory construction, analysis must begin with the plain language of the statute. *See Davis v. Tazewell Place Associates,* 254 Va. 257, 260, 492 S.E.2d 162, 164 (1997). And where a statute's terms are "clear and unambiguous," analysis must also end with the statute's plain language. *Id.* Here, the analysis cannot end with the Act's language, for it is far from clear and unambiguous on the issue of a private right of action; instead, it is totally silent on this topic. In essence, the Act imposes an obligation on employers to pay their employees regularly[3] in one of three enumerated methods[4]: by cash, check, or if the employee agrees, direct deposit into the employee's bank account. *See* Va. Code § 40.1–29(A)(1), (B). Derivative of an employer's statutory obligation is an employee's limited right to receive pay according to the terms of the Act. The employee's right is limited in the sense that the Act provides only an administrative remedy. *See* Va.Code § 40.1–29(F). Significantly, the Act says nothing as to whether an employee may bring a private cause of action to enforce his or her employer's statutory obligations. Accordingly, analysis must proceed to the question whether such a cause of action should be *implied* from the language of the statute.

In general, whether a private cause of action may be found by implication in an otherwise silent statute is a matter of discerning the legislature's intent in this regard.[5] Typically, courts undertaking this analysis consider whether the statute was created for the benefit of the class of which plaintiff is a member, whether there is any legislative intent to

2. Defendant also suggests that Count IV is not necessary because plaintiff's claims "overlap." This may be so, but that fact is not relevant on a motion to dismiss, because under the Federal Rules, plaintiff is free to state claims in the alternative. *See* Rule 8(e)(2), Fed.R.Civ.P.

3. Va.Code § 40.1–29(A)(1) provides as follows:

> All employers operating a business shall establish regular pay periods and rates of pay for employees except executive personnel. All such employers shall pay salaried employees at least once each month and employees paid on an hourly rate at least once every two weeks or twice in each month, except that a student who is currently enrolled in a work-study program or its equivalent administered by any secondary school, institution of higher education or trade school may be paid once each month if the institution so chooses. Upon termination of employment an employee shall be paid all wages or salaries due him for work performed prior thereto; such

> payment shall be made on or before the date on which he would have been paid for such work had his employment not been terminated.

4. Va.Code § 40.1–29(B) provides as follows:

> Payment of wages or salaries shall be (i) in lawful money of the United States, (ii) by check payable at face value upon demand in lawful money of the United States or (iii) by electronic automated fund transfer in lawful money of the United States into an account in the name of the employee at a financial institution designated by the employee.
> Failure of the employee to designate a financial institution shall require payment of wages and salaries to be made in accordance with (i) or (ii) of this subsection.

5. *See A & E Supply Co. v. Nationwide Mut. Fire Ins. Co.,* 798 F.2d 669 (4th Cir.1986) (noting that federal courts should not imply a private right of action in a state statute in the absence of "clear and specific legislative intent" to that effect).

create or deny a private cause of action, and whether a private right of action is consistent with the purpose of the legislative scheme.[6] Such an inquiry is unnecessary here, for it is well settled in Virginia law that where a statute simultaneously creates a right, and provides a means for enforcement of that right, the statutory remedy is the sole remedy available in the absence of other statutory language to the contrary. *See School Bd. of the City of Norfolk v. Giannoutsos*, 238 Va. 144, 147, 380 S.E.2d 647, 649 (1989) ("[W]here a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise."); *Vansant & Gusler, Inc. v. Washington*, 245 Va. 356, 359–60, 429 S.E.2d 31, 33 (1993) (refusing to imply a private right of action from a criminal statute).[7] Thus, in Virginia, the question whether a private cause of action should be implied begins and ends with the question whether the statute provides any remedy. This principle, applied here, compels the conclusion that the Act does not provide a private right of action.

An examination of the Act discloses that it imposes a duty on employers and derivatively, creates a right in favor of employees and an administrative scheme to enforce that right. Significantly, the Act does not create the right to be paid for work performed; that right exists, if at all, by virtue of other legal theories, including the common law doctrines of contract and quantum meruit.[8] Simply put, the Act prescribes the *manner* in which an employer must pay certain employees. And in that regard, the Act provides an express, albeit limited, administrative remedy for employees aggrieved by an employer's failure to comply with the Act's requirements.[9] Specifically, the statute provides that an aggrieved employee may submit a claim for unpaid or untimely paid wages to the Commissioner of Labor and Industry ("the Commissioner"), and the Commissioner may in his discretion pursue those claims on behalf of the employee, through both the administrative process and, if need be, through court action. *See* Va.Code § 40.1–29(F).[10] In addition,

**6.** *See, e.g., Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975); *Reed v. Phillips*, 192 W.Va. 392, 396, 452 S.E.2d 708, 712 (1994) (applying factors to West Virginia statute); *Messer v. Shannon & Luchs Co.*, 1985 WL 306802, *1 (Va. Cir. Ct.1985); *but see A & E Supply Co.*, 798 F.2d at 674 (noting that the Supreme Court of Virginia has yet to adopt this analysis for determination whether a private right of action should be implied).

**7.** This principle of statutory construction applies, with slightly less force, in the federal system as well. *See Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979) ("[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.").

**8.** *See, e.g., Afify v. Simmons*, 254 Va. 315, 317, 492 S.E.2d 138, 140 (1997) (breach of contract claim for wages and expenses); *Marine Dev. Corp. v. Rodak*, 225 Va. 137, 140–41, 300 S.E.2d 763, 765–66 (1983) (quantum meruit claim brought to recover value of services rendered).

**9.** The Act also gives the Commissioner of Labor and Industry authority to police employ-

ers for compliance with the Act, and to impose civil penalties against violators. An employer who violates the Act may be "subject to a civil penalty not to exceed $1,000 for each violation," Va.Code § 40.1–29(A)(2), and an employer who does so "willfully and with intent to defraud" may be subject to criminal penalties. Va.Code § 40.1–29(E). With respect to any civil penalties imposed, the Commissioner determines whether an employer has violated the statute and determines the appropriate penalty, within certain statutory constraints. *See* Va.Code § 40.1–29(A)(2) (stating that the Commissioner "shall consider the size of the business ... and the gravity of the violation" in determining the penalty, but limiting any civil penalty to $1,000 per violation). The Commissioner's decision with respect to civil penalties is final. *See* Va.Code § 40.1–29(A)(2).

**10.** Va.Code § 40.1–29(F) provides as follows: The Commissioner may require a written complaint of the violation of this section and, with the written and signed consent of an employee, may institute proceedings on behalf of an employee to enforce compliance with this section, and to collect any moneys unlawfully withheld from such employee which shall be paid to the employee

once "a final order by the Commissioner or a court" establishes that the employer is in violation of the Act and owes the employee back wages, the Commissioner may retain a private attorney to pursue the employer in court "to collect moneys owed to the employee or the Commonwealth." *Id.*[11] The statute further provides a means for paying the attorney so retained: When the Commissioner retains private counsel for a particular employee's case, the statute requires any final order of the Commissioner, or any final judgment of a court, to include, as attorney's fees, "one third of the amount set forth in the final order or judgment." *Id.*[12] In the event the Commissioner agrees to pursue the employee's claim, and successfully does so, the Commissioner "collect[s] any moneys unlawfully withheld from [the] employee," and returns those moneys to the employee. *Id.* Thus, the Commissioner effectively enforces an employee's contract rights at the same time he enforces the employer's obligations under the Act.

In short, the statute sets forth a scheme by which (i) the Commissioner may pursue the employee's claim for unpaid or untimely paid wages through the administrative process or in court, (ii) the Commissioner may retain an attorney to do so, and (iii) the attorney so retained will be paid by the employer an amount that is equal to one-third of the amount recovered from the employer. This is the sole remedy provided by the Act, there is no language stating that the statutory remedy is not the exclusive remedy, and accordingly no further, private remedy may be implied. *See Giannoutsos*, 238 Va. at 147, 380 S.E.2d at 649. At least one Virginia trial court has reached the conclusion reached here,[13] and no reported case has reached a contrary result.[14]

Plaintiff's contrary reading of the statute is not persuasive. First, plaintiff claims that the statute must provide a private cause of action because the statute

---

entitled thereto. In addition, following the issuance of a final order by the Commissioner or a court, the Commissioner may engage private counsel, approved by the Attorney General, to collect any moneys owed to the employee or the Commonwealth. Upon entry of a final order of the Commissioner, or upon entry of a judgment, against the employer, the Commissioner or the court shall assess attorney's fees of one-third of the amount set forth in the final order or judgment.

**11.** Worth repeating is the fact that an employee's underlying right to receive pay or wages derives not from the Act, but from the contract of employment, express or implied. The Act merely imposes a duty on employers to pay salaried and hourly employees periodically on specified bases. In so doing, the Act derivatively creates a right on the part of employees to receive pay or wages on the prescribed periodic bases, provided that the employee is otherwise entitled, presumably by contract, to receive the pay or wages.

**12.** Plaintiff claims that the attorney's fees provision of the Wage Payment Act applies to private actions brought by aggrieved employees. The General Assembly's intent, as reflected in the language of the statute, suggests the opposite conclusion, namely that the attorney's fees provision was established to fi-

nance litigation brought on behalf of the employee by the Commissioner.

**13.** *See Eslami v. Global One Communications, Inc.,* 1999 WL 51864, at * 2 (Va. Cir. Ct.1999) (holding that the Virginia Wage Claim Act does not provide a private cause of action)

**14.** The ruling in *Terry v. Gordon's Jewelry Co. of Va., Inc.,* is not contrary to the result reached here. *See* 7 B.R. 880 (Bankr.E.D.Va. 1980). In that case, the bankruptcy court did not address the question whether a private cause of action was available under the Wage Payment Act; the sole question there was whether an employer's decision to withhold a portion of the debtor's wages was permitted by Virginia law, and therefore a valid setoff from the employer's debt to the employee within the meaning of the Bankruptcy Code. *See id.* at 882; Va.Code § 40.1–29(C) (permitting an employer to withhold wages in certain circumstances); 11 U.S.C. § 553 (discussing setoff in bankruptcy).

Plaintiff claims that several cases have been filed in this district and in state courts alleging private causes of action under the Wage Payment Act. Even assuming the truth of plaintiff's representation in this regard, none of the cases apparently addressed the question presented here.

refers to decisions of both the Commissioner and of the courts.[15] Yet, these provisions are entirely consistent with the administrative scheme, which contemplates that the Commissioner, not the aggrieved employee, may obtain a court order in the course of any enforcement activities. Similarly, the Department of Labor and Industry's ("DLI") recognition that employees may bring private suits to recover unpaid wages does not, as plaintiff contends, reflect that a private cause of action is available under the Act.[16] At most, this reflects the DLI's awareness that aggrieved employees may pursue contractual or other legal remedies in addition to the administrative remedy provided by the Act, when an employer fails to pay their wages. The fact that the Act grants the Commissioner discretion whether and how to pursue a claim on an employee's behalf[17] does not change the analysis. A private cause of action need not be implied simply because the Commissioner may choose, in a given situation, not to enforce the Act's imposition of a duty on employers to pay employees on certain specified periodic bases. Indeed, the General Assembly's decision to vest enforcement discretion in an agency compels the opposite conclusion, namely that the agency, and not private litigants, determine whether and how to enforce the terms of the Act.

For these reasons, defendant motion to dismiss plaintiff's claim based on the Wage Payment Act must be granted. This is not to say that an employee lacks a remedy when he or she is not paid in a timely way, or is not paid at all. Indeed, in this case, plaintiff still has his FLSA, breach of contract, and quantum meruit claims, each of which provides relief that is essentially similar to that plaintiff seeks under the Act.

An appropriate Order has entered.

**15.** For example, one subsection states that "[f]inal orders of the Commissioner, the general district courts or the circuit courts may be recorded, enforced and satisfied as orders or decrees of a circuit court upon certification of such orders by the Commissioner or the court as appropriate." Va.Code § 40.1–29(H). Another subsection refers to the "entry of a final order of the Commissioner, [and the] entry of a judgment [by a court], against the employer." Va.Code § 40.1–29(F).

**16.** The DLI routinely inquires of aggrieved employees seeking administrative relief whether they have initiated their own lawsuit. Similarly, the DLI's internal guidelines recognize that an employee may in fact bring a private claim against their employer for unpaid wages. *See* Virginia Department of Labor and Industry Wage Payment Act Guidelines ("the Guidelines").

**17.** *See* Va.Code § 40.1–29(F).