## CIRCUIT COURT OF THE CITY OF DANVILLE

Commonwealth of Virginia

v.

Rudolph Demond Luck

May 23, 2002

Case No. 02-83

BY JUDGE JOSEPH W. MILAM, JR.

Having reviewed the authorities submitted by counsel regarding the Defendant's motion to suppress in the above-styled case, the Court is of the opinion that the motion should be granted on the basis that the Defendant did not receive the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966).

Pursuant to *Mathis v. United States*, 391 U.S. 1 (1968), as both counsel acknowledge, *Miranda* warnings must be given prior to custodial interrogations in prison regardless of whether the person in custody is so situated for the matter of the interrogation. However, as subsequent case law makes clear, *Mathis* does not impose a *per se* rule that any investigative questioning of a suspect prisoner requires *Miranda* warnings. *Blain v. Commonwealth*, 7 Va. App. 10, 371 S.E.2d 838 (1998); *United States v. Conley*, 779 F.2d 970 (4th Cir. 1985). *See also Cervantes v. Walker*, 589 F.2d 424 (9th Cir. 1978). Nevertheless, the facts in this case present no significant distinguishing circumstances that would lead to an outcome different from that contemplated under *Mathis*.

Unlike the facts in *Cervantes*, in this case, the questions presented to the Defendant were not in furtherance of an on-the-scene investigation of a possible crime in progress. Neither was a spontaneous reaction elicited from a routine, prison related search. *Id.* 427. Likewise, in determining whether the Defendant was "in custody" for purposes of *Miranda*, this case is not comparable to *Conley* in that the Defendant here was taken to an office primarily for the purpose of interrogation. *See Conley*, 779 F.2d at 973 (where

inmate was taken to conference area primarily to await medical treatment when incriminating statements were made). Nor with *Blain* are the circumstances here similar in that the incriminating statements in that case also arose from a routine prison search, whereby the prisoner was removed from his cell for a purpose other than interrogation. *Id.* 15. To the contrary, the Defendant in this case, as in *Mathis*, was questioned "by a government agent, not himself a member of the prison staff, on a matter not under investigation within the prison itself." *Cervantes*, 589 F.2d at 428. In summary, the significant facts in this case resemble far more those in *Mathis* where the prisoner was in fact interrogated by a government agent on an extrinsic matter while in custody and thereby entitled to first receive the *Miranda* warnings.

For these reasons, the motion to suppress is granted and the charge against the Defendant will be dismissed.