# CIRCUIT COURT OF AMHERST COUNTY

Leonard L. Whitcomb

v.

Amherst Arms
and Supply, L.L.C.

October 31, 2013

Case No. CL13-8882

By Judge J. Michael Gamble

I am writing to rule on the plea in bar of the defendant. In this regard, I sustain the plea in bar and dismiss the case.

Count One of the complaint seeks recovery of unpaid hourly wages based upon Va. Code § 40.1-29. Count Two of the complaint is a breach of contract claim for failure to pay for sales of firearms and bows pursuant to a contract between the parties.

The plaintiff originally brought this action in the General District Court of Amherst County. The defendant in the general district court action was Bryan Barber, the manager and sole shareholder of Amherst Arms and Supply, L.L.C. On October 8, 2012, the general district court dismissed this case with prejudice. There was not an evidentiary hearing in the general district court; however, the court dismissed the case based upon motion and argument by counsel. Thereafter, the plaintiff filed the instant action on September 8, 2013.

The defendant filed a plea in bar on two grounds. The defendant asserted that Count One is barred because Va. Code § 40.1-29 does not create a private cause of action. The defendant asserts the Count Two is barred by res judicata claim preclusion under Rule 1:6 of the Rules of the Supreme Court of Virginia.

The purpose of Va. Code § 40.1-29 ("Wage Payment Act") is to establish a public policy as to the manner in which employers pay wages to employees. The statute authorizes the Commissioner to pursue wage claims, but it is not a remedy for the benefit of employees. The act does not provide a private right of action, rather, an employee must pursue a claim for unpaid wages based upon breach of contract or *quantum meruit. Marr v. Malveaux*, 60 Va. App. 759, 770-71, 732 S.E.2d 733, 738-39 (2013). Accordingly, the plea in bar to Count One is sustained, and Count One is dismissed.

Rule 1:6 precludes a subsequent action arising from the same conduct, transaction, or occurrence that was decided on the merits by a final judgment in a prior civil action. This is called res judicata claim preclusion.

The plaintiff argues that Rule 1:6 does not apply because there was no adjudication on the merits in the general district court. This is based upon the fact that there was no trial and presentation of the evidence in the general district court. However, as noted above, the general district court dismissed the case with prejudice after argument on a motion by counsel. The Supreme Court of Virginia has held that a judgment of dismissal which expressly provides that it is "with prejudice" operates as conclusive to the rights of the parties as if the suit has been prosecuted to a final disposition adverse to the plaintiff. *Raley v. Haider*, 286 Va. 164, 169, 747 S.E.2d 812, 815 (2013). Clearly, the disposition of the General District Court of Amherst County on August 18 was a final judgment of dismissal on the merits. Accordingly, the dismissal in the general district court is sufficient to meet the "on the merits" requirement of Rule 1:6.

Next, the plaintiff argues that there were different party defendants in the general district court and the circuit court. The action was brought against Bryan Barber individually in the district court and brought against Amherst Arms and Supply, L.L.C., in the circuit court. One of the fundamental requirements of the doctrine of res judicata is that there be an identity of parties. *Leeman v. Troutman Builds, Inc.*, 260 Va. 202, 206, 530 S.E.2d 909, 911 (2000).

In order to be barred by res judicata, a party to subsequent litigation must have been a party to the prior litigation or have been represented by another party so identified in interest with him that he represents the same legal right. *Id.*, 260 Va. at 206, 530 S.E.2d at 911; *see also Raley*, 286 Va. at 170, 747 S.E.2d at 816. Accordingly, it must be determined whether Bryan Barber was in privity with Amherst Arms and Supply, L.L.C. Generally, Virginia courts find that there is privity between parties when they have a contractual relationship, owe some kind of legal duty to each other, or have another legal relationship. *Raley*, 268 Va. at 172, 747 S.E.2d at 817.

Under the evidence, Bryan Barber is the sole manager of Amherst Arms and Supply, L.L.C. Under Va. Code § 13.1-1024.1, he is required to discharge his duties in the best interest of the limited liability company. Therefore, he has a legal duty to the limited liability company that places

him in privity with the company. Accordingly, this satisfies the requirement of res judicata that the same parties, or their privies, be a party to both the former and present action.

Accordingly, I find that the Count Two is barred by res judicata claim preclusion under Rule 1:6.